**BILBY et al. v. CHISSOE et al.**

No. 15155.    Opinion Filed April 14, 1925.

Rehearing Denied Nov. 25, 1925.

92

W. O. Rittenhouse and John C. Graves, for plaintiffs in error.

Watts & Watts, E. J. Broddus, Reubelt & Nichols, and Kelly Brown, for defendants in error.

THREADGILL, C. This case presents an appeal from a judgment of the district court of Wagoner county, wherein the plaintiffs in error were plaintiffs and the defendants in error and others were defendants, except William Sullivan, who wes intervener. The plaintiffs filed their petition October 6, 1919, in which they alleged that they were the owners of the fee and in possession of N.E.¼ of section 10, T. 19N., R. 15E., in Wagoner county. They deraigned their title to said land from certain mesne conveyances made by all the defendants named, except Sam Usrey, Addie Usrey and Ernest Sutherlin, and for these they had a deed from Foyl M. Brady, as heir; that their grantors were the only heirs of Lasley Haynes, a Creek Indian, the allottee of the land, who died in 1906; that there had been no administration of the estate and no determination of heirship; that certain persons unknown to them, as heirs, executors, administrators, devisees, trustees, and assigns, immediate and remote of said Yasley Haynes, deceased, claimed some right, title or interest in the said lands adverse to them, which claims were false and constituted a cloud upon their title. They further asked for a restraining order against the sheriff of the county to prevent him from selling the land under an execution issued pursuant to a judgment in a former case, No. 753, of the district court of the county. They asked that all persons named in the petition be summoned as by law provided, which was done, and further pray judgment of the court. quieting the title of the land in them.

Upon motion the plaintiffs filed an amendment to the petition stating the nature of the judgment in number 753, and attached a copy of the same to this pleading. The defendants, Leona Dryden, Willie Dryden, Rosa Carr, Taylor Chissoe, Dora Chissoe, Sallie Chissoe, now Tiger, Chas. G. Watts, and Jess W. Watts and H. U. Bartlett answer the petition as amended by general denial, and then by admitting that the judgment in number 753 was rendered on June 7, 1911, and that the copy attached was a correct copy of the judgment, but they deny that Foyl M. Brady was an heir of the estate in controversy at the time the judgment was rendered or at any other time, and they deny that he was the owner of an undivided one-half interest in the allotment. By way of cross-petition they state that at all times mentioned in the petition and at the present time they owned an interest in the land as follows:

Leona Dryden, Willie Dryden, Rosa Carr, each an undivided one-seventy-fifth interest; Taylor Chissoe, Dora Chissoe, and Sallie Chissoe, now Tiger, each an undivided one-ninth interest; and H. U. Bartlett an undivided one-third interest, as shown by the judgment in said cause number 753. Charles G. Watts and Jess W. Watts further admit that the district court of Wagoner county allowed them fee of $500 as attorneys in said cause, number 753, which was past due and unpaid by reason of the injunction which had been obtained against the sheriff. They pleaded the rental value of the land, which is not material here. They ask that the plaintiffs take nothing by their petition; that the injunction in force be dissolved; that the interests of the defendants mentioned in the decree 753 be held valid and binding; that their title be quieted; that they have possession of the land, and that they have judgment in the sum of $337.33 for rents.

William Sullivan, by leave of the court, filed an interplea, claiming that he is the owner of the title in fee simple and was entitled to the immediate possession of the land in controversy. He deraigned his title as follows:

That the allottee, Lasley Haynes, full-blood Creek Indian, Roll No. 3144, died in Wagoner county June 15, 1909, and the descent of the estate was cast under the law of Oklahoma; that the said Lasley Haynes died intestate, without issue, and without wife, father, mother, brother, or sister or child of brother or sister, him surviving, but he left as his next of kin a sole and only heir by law, the interpleader, William Sullivan, a full-blood Creek Indian, Roll No. 7622; that the father of the said Lasley Haynes was Luppa-Jeschee, a full-

blood Creek; that interpleader's mother was Sallie Sullivan, a full-blood, Creek, and the said Luppa-Jeschee was full-blood brother to his mother, Sallie Sullivan. He denies the claims of the plaintiffs and he denies the claims of the defendants, and he prays that he be adjudged to be the owner of the said land in fee simple, and that the title be quieted in him.

The cause was tried to the court November 2, 1921. After taking a great deal of testimony on the issues in the case a stipulation was entered into, a part of which was as follows:

"We will agree the record may show that John S. Bilby used and occupied the land as a cotenant of the defendants in the case No. 753, entitled Bettie Renfro v. John S. Bilby et al., as shown by copy of the journal entry in case No. 753, attached to the plaintiffs' petition in the case, the same being marked 'Exhibit A' thereto. That John S. Bilby departed this life about November, 1919, and prior thereto, to wit: in April 1917, John S. Bilby and his wife conveyed all his right, title and interest to the land in controversy to the plaintiffs, N. V. Bilby and R. I. Bilby by warranty deed, duly filed for record in the office of the county clerk of Wagoner county, and that said John Bilby, as well as the plaintiffs, occupied and are occupying the land and using the same as cotenants and claiming also an interest in the land to the exclusion of the interveners, William Sullivan, Dave Washington, Walter Washington, and Millie King.

"Mr. Watts: It is agreed between the defendants mentioned in the answer filed herein on January 2, 1923, the defendant, Leona Dryden, et al., and the plaintiffs herein, that the judgment in case No. 753 should be and remain the interest of the defendants, Leona Dryden et al., in the case at bar, except as modified in the case of Brady v. Bilby et al., case No. 2059.

"Mr. Watts: The only controversy remaining between the plaintiffs and the defendants Watts and Watts, is the question of attorneys fees in case No. 753."

In passing on the case the court found for the parties as follows:

| R. I. Bilby and N. V. Bilby | 91 /240 | interest; |
| Taylor Chissoe | 10 /240 | |
| Dora Chissoe | 10 /240 | |
| Leona Dryden | 3 /240 | |
| Willie Dryden | 3 /240 | |
| Rosella Carr | 3 /240 | |
| H. U. Bartlett | 60 /240 | |
| William Sullivan | 60 /240 | |

—and rendered judgment accordingly. All parties excepted to the judgment, but only the plaintiffs in error have appealed.

1. Plaintiffs contend that this judgment is erroneous in not following the agreement that the interest of the maternal heirs and their grantees should be and remain the same as adjudged in the case of Bettie Renfro v. John S. Bilby et al., No. 753, as modified by the judgment in the case of Foyl M. Brady et al. v. Bilby et al., in case No. 2059. In case No. 753 the only heirs before the court were the maternal heirs of the allottee, and the court rendered judgment as follows:

"That the plaintiff, Bettie Renfro, have judgment against all the defendants and intervener herein, for an undivided two-fifteenths interest in and to the land in controversy; that the defendant, Taylor Chissoe, have judgment against the plaintiff and all the codefendants, and intervener, for an undivided one-ninth interest; that the defendant, Dora Chissoe, have judgment against the plaintiff and all the codefendants and the intervener, for an undivided one-ninth interest; that the defendant, Sallie Chissoe Childers, have judgment against the plaintiff and all the codefendants and the intervener, for an undivided one-ninth interest; that the defendant, Bilby, have judgment against the plaintiff, and all the codefendants and intervener, for an undivided two-seventy-fifths interest; that the defendant, Leona Dryden, have judgment against the plaintiff and all the codefendants and the intervener, for an undivided one-seventy-fifth interest; that the defendant, Rosella Carr, have judgment against the plaintiff and all the codefendants and the intervener for an undivided one-seventy-fifth interest; that the defendant, Willie Dryden, have judgment against the plaintiff and all the codefendants and the intervener, for an undivided one-seventy-fifth interest; and that the defendant, Fannie Hosmer, have judgment against the plaintiff and all the codefendants and the intervener, for an undivided one-third interest."

In case No. 2059 the plaintiff, Foyl M. Brady, as a paternal heir, brought suit against the maternal heirs and their grantees for an undivided one-half interest in the land in controversy, and recovered a judgment for the undivided one-half interest, and this modified the judgment in No. 753 by reducing the interests of the parties above named to one-half the amount awarded to them in that case. In the case now before us, since the claim of William Sullivan, the intervener, is based upon his interest as a paternal heir, the interest of the maternal heirs would not be affected by his claim whether he was successful or not, because Foyl M. Brady, by the judgment in case No. 2059, had already recovered one-half interest in the land and William Sullivan's interest could only affect his part of that judgment. Some of the maternal heirs, after the judgment rendered in No. 2059 and before the action was brought in this

case, sold their interest to other parties as found by the court. Fannie Hosmer sold to H. U. Bartlett; Sallie Chissoe, now Tiger, conveyed her interest to the Bilbys, and Bettie Renfro sold her interest to the Bilbys, and the court adjudged the interests of the parties as above stated, which in fact does not conform with the interests the respective parties had as adjudged in case No. 753 and modified in case No. 2059, and the defendants concede that this is true. The judgment should be corrected to conform to the agreement of the plaintiffs and defendants.

2. Plaintiffs' next contention is that the evidence is not sufficient to support the finding and judgment of the court that William Sullivan, the intervener, is a collateral kinsman of Lasley Haynes, the allottee, and as such entitled to a one-fourth interest in the said allotment. This part of the judgment affected the plaintiffs, because they had bought the interest of Foyl M. Brady for the full interest of the paternal heirs, and the interest awarded Sullivan was one-half of the paternal interest or one-fourth of the entire allotment.

We have examined the evidence and we think it is sufficient to show that the mother of William Sullivan was a full-blood Creek woman named Sallie, and Sallie was the sister of Luppechischee, also called Luppa-Jeschee, who was the father of Lasley Haynes. The inference, therefore, would be that Sallie was the aunt of the allottee and the said William Sullivan his cousin. The testimony further shows that the father and mother of Luppechischee were long dead, that Luppechischee and his wife, Chimka, were both dead before Lasley died, and the brothers and sisters of Luppechischee were all dead before Lasley died. The proof further shows that Luppichischee had one brother, Okfoskey, and one sister, Sallie, and none others.

The heirs on the maternal side have been determined in case No. 753 and Foyl M. Brady had been decreed an heir on the paternal side in case No. 2059. He was found to be the only surviving son and child of Dinah, the daughter of Okfoskey, the said Okfoskey was a son of Luppechischee and Chimka, as Lasley Haynes, the allottee, and Sallie, the mother of William Sullivan, were of the same parentage. The evidence shows that there were no others of the paternal line standing as near to the allottee as Foyl M. Brady and William Sullivan. The court found that Lasley Haynes, the allottee, and the mother of Foyl M. Brady and the mother of William Sullivan had a common ancestor in Luppechischee, and the evidence supports the finding. It must, therefore, follow that said Foyl M. Brady and William Sullivan are in the collateral line of kinship of the allottee and in the absence of any others to take in this line, they are the sole and only paternal heirs. This proof is sufficient to comply with section 11309, Comp. St. 1921, and the third division of section 2522, chapter 49, Stat. Ark. 1884. Kelly v. Neely, 12 Ark. 657; Abbot on Trial Evidence, page 85; Sprigg v. Moale, 28 Md. 497, 505; Emerson v. White, 29 N. H. (9 Fost.) 482; Greenleaf on Evidence, vol. 2, page 298.

William Sullivan, in his petition in intervention, sued for specific real estate. His action by intervention is in the nature of a suit in ejectment, and presents a law question. That being so, this court will not weigh the conflicting evidence for the purpose of determining where the clear weight of the evidence lies, or whether or not the conclusions reached by the trial court are supported by, or against the clear weight of the evidence, but will examine the evidence for the purpose of determining whether or not the conclusions reached by the trial court are reasonably supported by competent evidence. Examination of the record discloses that the judgment in favor of William Sullivan is reasonably supported by competent evidence; and this court should not disregard and overturn that part of the judgment. The judgment of the trial court as to the other parties is erroneous. The interests of the other parties were fixed by the judgment in cause number 753, as modified by the judgment in cause No. 2059, both of which judgments have become final; and finally, by stipulation of the parties following the judgments in these cases; and the trial court should have entered judgment according to the stipulation.

For the reasons stated, we recommend that the judgment in favor of William Sullivan and against the plaintiffs be affirmed. We further recommend that the judgment as to the other parties, in by inheritance, or their grantees, be reversed and remanded, with directions to the district court of Wagoner county to enter judgment for the parties in accordance with the stipulation entered into.

By the Court: It is so ordered.